IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN SHANNON FINLEY, <br><br> Plaintiff, <br><br> vs. <br><br> ELLEN DONNAHUE, JOHN W. LARSON, and LETA WOMACK, <br><br> Defendants. | CV 18-00161-M-DLC-JCL <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff John Finley, a prisoner proceeding without counsel, submitted a filing on September 18, 2018 which was liberally construed as a complaint. (Doc. 1.) On October 1, 2018 he filed a motion to proceed in forma pauperis (Doc. 3) and an amended complaint (Doc. 4).[1] He alleges Defendants failed to provide him with a fair and unbiased criminal trial. The motion to proceed in forma pauperis will be granted. The Amended Complaint fails to name a proper Defendant and Finley's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477(1994). This matter should be dismissed.

---

[1] The filing of an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

**I. Motion to Proceed in Forma Pauperis**

Finley's motion to proceed in forma pauperis is sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 3.) The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). The initial partial filing fee is waived, and Finley may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). He will, however, be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Finley must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.* By separate order, the Court will direct the facility where Finley is held to forward payments from Finley's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II. Screening Pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A**

    **A. Standard**

Finley is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and

1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**B. Analysis**

    **1. Judicial Immunity**

Finley names state district court Judge John Larson as a Defendant in this matter. Judges are absolutely immune from damage liability for acts which are

judicial in nature. *Forrester v. White*, 484 U.S. 219, 227-229 (1988); *see also Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). Judicial immunity applies to actions brought under 42 U.S.C. § 1983 for acts committed within the scope of judicial duties, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 356. "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* at 356-37; *see also Forrester*, 484 U.S. at 227 (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"); *Mireless v. Waco*, 502 U.S. 9, 12 (1991).

Finley claims Judge Larson acted with bias at all venues and hearings, engaged in procedural irregularities, would not allow evidence, and was aware that multiple witnesses were committing perjury. (Doc. 4 at 8.) These are all actions taken within Judge Larson's judicial duties for which Judge Larson is absolutely immune. As such, Finley's claims against Judge Larson must be dismissed. *See Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (noting that 28 U.S.C. § 1915(e)(2)(B)(iii) requires the court to dismiss an action "at any time" if it "seeks monetary relief from a defendant who is immune from such relief.");

### 2. Prosecutorial immunity

Finley next brings claims against Ellen Donnahue a state district attorney. For purposes of this Order, the Court assumes Ms. Donnahue was the prosecutor in Finley's criminal proceedings. He alleges Ms. Donnahue knowingly put a witness under oath that was committing perjury, helped fabricate evidence via testimony, tampered with witnesses, and fabricated physical evidence. (Doc. 4 at 8.) State prosecutors are absolutely immune when performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). That is, "when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997).

"Absolute immunity applies when 'initiating a prosecution' and 'presenting the State's case,' and during 'professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial . . . after a decision to seek an indictment has been made.'" *Garmon v. County of Los Angeles*, 828 F.3d 837, 843 (9th Cir. 2016)(internal citations omitted).

Ms. Donnahue is entitled to absolute immunity for actions taken in the course of presenting the state's case such as examining witnesses, presenting evidence, and arguing before the court. She is also entitled to absolute immunity with regard to her preparation for presenting the criminal case at trial.

### 3. Public Defender

Finley also brings claims against Leta Womack, an attorney with the Montana Office of Public Defender. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In *Polk County v. Dodson,* 454 U.S. 312 (1981), the United States Supreme Court held that public defenders do not act "under color of state law" when performing traditional lawyer duties. *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2003)(en banc). Consequently, Finley cannot state a federal claim against Ms. Womack because she is not a state actor.

### 4. *Heck v. Humphrey*

In addition, to the extent that Finley seeks to challenge his criminal conviction, his claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared

invalid, called into question by the issuance of a habeas writ, or expunged. *Id.*

> [W]hen a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487.

A determination in this Court regarding whether any of Finley's rights were violated during his criminal proceedings would necessarily imply the invalidity of that conviction. Finley indicates in his Amended Complaint that he has been convicted and is scheduled to be sentenced on October 10, 2018. (Doc. 4 at 4.) As Finley's conviction has not been reversed, declared invalid, expunged, or called into question, his claims are barred by *Heck*.

To the extent Finley wishes to challenge the fairness of his trial and the validity of his conviction, he must raise those challenges by way of writ of habeas corpus under 28 U.S.C. § 2254, after exhausting appropriate avenues for relief. *Muhammad v. Close*, 540 U.S. 749, 751 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 489–90, 500 (1973).

Based upon the foregoing, the Court issues the following:

## ORDER

1. Finley's Motion to Proceed in Forma Pauperis (Doc. 3) is GRANTED. The Clerk shall file the Complaint without prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 1) to remove the word "LODGED" and the Complaint is deemed filed on September 18, 2018.

3. At all times during the pendency of this action, Finley shall immediately advise the Court of any change of address and its effective date. Failure to file a "Notice of Change of Address" may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No

reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Finley may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 5th day of October, 2018.

      /s/ Jeremiah C. Lynch
      Jeremiah C. Lynch
      United States Magistrate Judge

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Finley is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.